# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-737V
Filed: October 15, 2018
Not to be Published

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| RACHEL KNURA, as Personal Representative of the Estate of KOLE KNURA,  *  *  *  *  Petitioner,  *  *  v.  *  *  SECRETARY OF HEALTH AND HUMAN SERVICES,  *  *  Respondent.  *  * | Hepatitis A, measles-mumps-rubella ("MMR"), Prevnar, and Varicella vaccines; acute disseminated encephalomyelitis ("ADEM"); epileptic encephalopathy; metabolic or genetic-mediated epilepsy; no expert report; dismissal for failure to prosecute and to make a prima facie case. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Daniel H. Pfeifer, South Bend, IN, for petitioner.
Voris E. Johnson, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION[1]

On June 2, 2017, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that hepatitis A, measles-mumps-rubella ("MMR"), Prevnar, and Varicella vaccines her son received on June 10, 2014 caused him acute disseminated encephalomyelitis ("ADEM"), epileptic encephalopathy, and metabolic or genetic-mediated epilepsy. Pet. at Preamble, ¶¶ 7, 20, and 21.

---

[1] Because this unpublished ruling on entitlement contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished ruling on entitlement on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. §3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the Internet.** Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a ruling on entitlement is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

This case is now **DISMISSED** for failure to prosecute and failure to obey the undersigned's Order of May 30, 2018 under Vaccine Rule 21(b)(1), and failure to prove a prima facie case.

## BACKGROUND

Petitioner filed medical records on June 2, 2017, the same day as when the petition was filed.

On August 15, 2017, the undersigned issued an Order discussing numerous issues that arose from both the petition and the medical records.

On August 31, 2017, the initial status conference was held where the undersigned and the parties discussed the issues described in the undersigned's Order of August 15, 2017. During this status conference, petitioner assured the undersigned that petitioner's son will undergo exome testing and that when testing is completed, an expert opinion will be obtained from Dr. Christopher T. Jackman, a neurologist. In addition, petitioner said that if an expert opinion cannot be obtained, petitioner will move to withdraw. Petitioner was also in the process of obtaining her prenatal, labor, and delivery records.

The undersigned ordered petitioner to file a status report explaining how she would like to proceed with the case by December 21, 2017.

On December 19, 2017, petitioner filed a status report and informal request for an extension of time. In the status report, petitioner stated that the exome testing results for petitioner's son were normal. However, the exome testing for the parents has not been completed. Therefore, petitioner requested for an extension of time in order to obtain records and to have the records reviewed by Dr. Jackman.

On December 20, 2017, the undersigned granted petitioner's informal request for an extension of time. The undersigned ordered petitioner, by May 30, 2018, to file one of the following: (1) another status report concerning the progress of the case; (2) a report from Dr. Jackman, his CV, and any medical literature cited in the report; or (3) a motion to dismiss.

Petitioner filed additional medical records on January 31, 2018. After reviewing the additional medical records, the undersigned noted that a certified genetics counselor, Melissa A. Gibbons, met with petitioner, her husband, and her son to discuss Whole Exome Sequencing as the next step in their genetic workup. The lab to be used was GeneDX.

The undersigned issued an order on February 9, 2018, ordering petitioner to obtain and subsequently file the Whole Exome Sequencing results from GeneDX by February 23, 2018. The undersigned again referred petitioner to the issues with the case the undersigned set out in the Order of August 15, 2017 that were also discussed in the initial status conference. On

February 23, 2018, petitioner filed the GeneDX records.

Petitioner filed a status report on May 30, 2018 notifying the undersigned that petitioner's son, the vaccinee, passed away on May 24, 2018.  In addition, petitioner stated that after review of all medical records, Dr. Jackman could not provide the expert opinion to support that the vaccinations caused petitioner's son's injuries.  Petitioner asked for time to look for substitute counsel and in the event that petitioner decided not to find substitute counsel, petitioner's current counsel would file a motion to dismiss the case.

On May 30, 2018, the undersigned issued an Order *sua sponte* for the Clerk of Court to change the case caption.  The undersigned also ordered petitioner, by July 30, 2018, to file: (1) the vaccinee's death certificate; (2) the autopsy report, if any; (3) the most recent medical records; and (4) a motion to substitute counsel or a motion to dismiss.

On July 30, 3018, petitioner's counsel filed a motion to withdraw as attorney. Petitioner's counsel explained that his office communicated with petitioner on July 27, 2018 and again tried to contact her on July 30, 2018 regarding whether she wanted to seek new representation or to dismiss the case.  As of July 30, 2018, counsel had not received a response from petitioner.  Thus, petitioner's counsel sought to withdraw as counsel for petitioner.

## DISCUSSION

First, under Vaccine Rule 21(b)(1), the undersigned can dismiss a petition based on petitioner's failure to prosecute and/or failure to obey orders.  Petitioner failed to prosecute and failed to obey the undersigned's Order of May 30, 2018.

Second, to satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause and effect showing that the vaccination was the reason for the injury [,]" the logical sequence being supported by a "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioner's affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149. Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

Petitioner must show not only that but for the hepatitis A, MMR, Prevnar, and Varicella vaccines, her son would not have ADEM, epileptic encephalopathy, and metabolic or genetic-mediated epilepsy, but also that those vaccines were substantial factors in causing his injuries. Shyface v. Sec'y of HHS, 165 F.3d 1344, 1352 (Fed. Cir. 1999).

The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioner based solely on her allegations unsubstantiated by medical records or medical opinion.

Petitioner has not filed any expert medical reports supporting her allegations. In fact, the neurologist petitioner hired, after thoroughly reviewing petitioner's son's records, concluded that he cannot support petitioner's allegations of vaccine causation.

The undersigned **DISMISSES** this petition for failure to prosecute and failure to obey the above-mentioned Order under Vaccine Rule 21(b)(1), and for failure to make a prima facie case.

## CONCLUSION

This case is now **DISMISSED**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: October 15, 2018                                                    s/ Laura D. Millman
                                                                            Laura D. Millman
                                                                            Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.